UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ROGER ESTEP,                    )
                                )
        Plaintiff,              )        Civil Action No. 10-286-ART
                                )
v.                              )
                                )        **MEMORANDUM OPINION**
CITY OF SOMERSET, KENTUCKY, et  )            **& ORDER**
al.,                            )
                                )
        Defendants.             )
                         ***  ***  ***  ***

The plaintiff, Roger Estep, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his rights to free speech and expression, substantive due process, and procedural due process under the United States Constitution. R. 1. Estep also alleges that the defendants violated these same rights under the Kentucky Constitution. *Id.* The defendants filed a motion to dismiss, R. 3, to which Estep responded, R. 4, and the defendants replied, R. 5. For the following reasons, the defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

Estep is a patrol officer with the Somerset Police Department. In the summer of 2009, there were openings for two sergeant positions within the department. Major Doug Nelson distributed a memorandum detailing the application process. Any officer applying for the promotion would be required to take a written test, undergo a promotional evaluation and an employment assessment study, and do an oral interview. The results would then be sent to Mayor Eddie Girdler, who would officially make the promotions. With the memo, Major Nelson also

distributed a list of officers who were eligible to be considered for the promotion. Estep's name was on the list.

At the conclusion of the application process, Officer Greg Martin had the highest overall score and Estep had the second highest overall score. Mayor Girdler promoted Officer Martin to sergeant but did not promote Estep. As of the filing of Estep's lawsuit, Mayor Girdler still had not filled the second sergeant position. Estep claims that Mayor Girdler refused to promote him because he had actively campaigned for another candidate—J.P. Wiles—during the 2006 mayoral election. Estep's children had appeared in a photograph on one of Wiles's campaign brochures. Mayor Girdler allegedly stated that he would never promote any officer who had campaigned for Wiles. And Major Nelson allegedly informed Estep that he had tried to promote him to one of the sergeant positions, but that Mayor Girdler had blocked the promotion.

In March 2010, Estep received an oral reprimand from a superior officer for prematurely leaving a training session for K-9 officers and for refusing requests to utilize his K-9 dog for drug searches while on patrol.[1] Estep requested a hearing before the city council to contest the reprimand. That request was denied. Estep then received a written reprimand for, he claims, requesting a hearing before the city counsel. He later received an administrative warning for the

---

[1] In his complaint, Estep does not specify why he received the oral reprimand. He simply refers to it as a "frivolous oral reprimand." R. 1 ¶ 27. The defendants attached a copy of the actual reprimand to their motion to dismiss. R. 3, Attach. 3. Although courts are generally supposed to treat motions to dismiss that rely on matters outside the pleadings as motions for summary judgment, Fed. R. Civ. P. 12(d), the Sixth Circuit has made clear that courts may consider "exhibits attached to defendant's motion to dismiss" without converting the motion into a motion for summary judgment, "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

same behavior. Estep again requested a hearing before the city council to contest the written reprimand and the administrative warning, but that request was also denied. The reprimands were placed in Estep's personnel file. These reprimands prevent Estep from being considered for promotions.

Estep filed a complaint in this Court on October 20, 2010. As defendants, he named the City of Somerset, the Somerset Police Department, Mayor Eddie Girdler (in his official and individual capacities), and Major Doug Nelson (in his official and individual capacities). Estep's complaint includes three counts—Count A alleges that the defendants violated his right to free speech and expression guaranteed by the United States and Kentucky Constitutions; Count B alleges that the defendants violated his right to substantive due process under the federal and state constitutions, and Count C alleges that the defendants violated his right to procedural due process under the federal and state constitutions.

## DISCUSSION

The defendants make a litany of arguments in favor of dismissing Estep's claims. For the sake of clarity, the Court will walk through each of Estep's claims, count by count.

I.   **Count A - "Violation of Freedom of Speech and Expression as Guaranteed by the Constitutions of the United States and the Commonwealth of Kentucky Pursuant to 42 U.S.C. § 1983"**

Count A of Estep's complaint charges the defendants with violating his right to free speech and expression under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution and the Kentucky Constitution. As an initial matter, Estep's Fifth Amendment claim fails as a matter of law because the Fifth Amendment only applies to the federal government. *See*

*Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 (6th Cir. 2000). Therefore, the Fifth Amendment is simply inapplicable to Estep's claim against the defendants in this case. Rather, his free speech claim must be under the Fourteenth Amendment's Due Process Clause, which applies to the states, and which incorporates the First Amendment's protections.

The defendants argue that Estep's free-speech claim is conclusory, and thus fails to state a claim under Rule 8(a)(2) of the Federal Rules of Civil Procedure, as interpreted by the Supreme Court in *Twombly* and *Iqbal*. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When evaluating the sufficiency of Estep's complaint, the court must take all of the factual allegations as true and construe the complaint liberally in his favor. *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). Estep is not required to plead "*detailed* facts," but he is required to plead at least "*some* facts" which "raise a right to relief above the speculative level." *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 460 (6th Cir. 2007) (en banc) (quoting *Twombly*, 550 U.S. at 555). Neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action," absent supporting factual allegations, are enough. *Twombly*, 550 U.S. at 555. "Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to 'state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). A claim is "plausible" if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

In *Iqbal*, the Supreme Court outlined the basics of a three-step inquiry that courts can use to evaluate the sufficiency of a plaintiff's complaint. First, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. In other words, step one is to identify the legal allegations. Second, the court should identify the "well-pleaded factual allegations" in the complaint that support the legal allegation. *Id.* The court must "assume [the] veracity" of these factual allegations. *Id.* Third, the court should "determine whether [the factual allegations] give rise to an entitlement to relief" that is "plausible" on its face. *Id; see Lehman Bros. Holdings, Inc. v. Cornerstone Mortg. Co.*, No. 09-0672, 2009 WL 2900740, at *4 (S.D. Tex. 2009) (outlining similar inquiry). Applying this methodology to Estep's First Amendment claim demonstrates that the claim is not impermissibly conclusory:

*(1) Legal Allegations.* Estep makes two legal allegations. First, he alleges that the defendants "sought to and in fact did deprive [him] of his right to express political opinions in his off-duty activities and support political opposition to the Mayor during a political campaign." R. 1 ¶ 39. Second, Estep alleges that the Mayor "deliberately and intentionally retaliated, through the use of the political process . . . against [him] for expressing his political opinions while he was acting in his personal capacity." *Id.* ¶ 41.

*(2) Factual Allegations.* Estep has alleged that he campaigned for J.P. Wiles during the 2006 mayoral election, *id.* ¶ 23, that Mayor Girdler pledged that he would never promote any officer who campaigned against him, *id.* ¶ 24, and that Mayor Girdler told Major Nelson not to promote Estep, even though he had the second highest score in the application process, *id.* ¶ 25.

Estep has also alleged that he received reprimands which removed him from consideration for the promotion. *Id.* ¶¶ 27, 32-35.

*(3) Do the Factual Allegations Give Rise to a Plausible Entitlement to Relief?* Yes. From the facts that Estep has alleged—which the Court must accept as true—the court can reasonably infer that Mayor Girdler refused to promote Estep because of his political support for J.P. Wiles and that Major Nelson reprimanded Estep in retaliation for the same behavior. This would allow Estep to mount a successful claim for First Amendment retaliation, which requires showing that (1) Estep "engaged in constitutionally protected speech," (2) he "was subjected to adverse action or was deprived of some benefit," and (3) "the protected speech was a 'substantial' or 'motivating factor' in the adverse action." *Brandenburg v. Housing Authority of Irvine*, 253 F.3d 891, 897 (6th Cir. 2001) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). And, although the defendants argue to the contrary, Estep has also alleged sufficient facts for the court to infer that, in addition to facing retaliation for his political speech, the defendants' actions have deprived Estep of his right to express his political beliefs and opinions while he is off-duty. The Court can reasonably infer, based on "experience and common sense," *Iqbal*, 129 S.Ct. at 1950, that facing adverse employment consequences—the denial of a promotion and a series of reprimands—in retaliation for his support of J.P. Wiles would chill Estep from engaging in protected speech. Therefore, Estep has alleged sufficient facts to withstand the defendants' motion to dismiss his First Amendment claims.

This leaves one more question—which defendants can Estep properly assert his First Amendment claims against? Certainly, Estep can make the claims against the individuals involved—Mayor Girdler and Major Nelson. But Estep also asserts his First Amendment claim against the City of Somerset and the Somerset Police Department. Estep alleges that the City of Somerset is responsible for Mayor Girdler's actions "under the principles of respondeat superior." R. 1 ¶ 44. The defendants argue—correctly—that a city may not be held liable in a § 1983 suit for the actions of its employees on a respondeat superior theory. *See Monell v. N.Y. City, Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a city can only be liable under § 1983 if the plaintiff establishes that a "policy" or "custom" of the city caused his constitutional injury. *Id.* at 694.

But *Monell* does not completely absolve the City of Somerset in this case. The Supreme Court has clarified its holding in *Monell* by specifying that a city can be liable under § 1983 where the decision being complained of was made by "the official or officials responsible for establishing a final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986). And this makes perfect sense. If *Monell* limits municipal liability to situations in which the city's policy or custom produces the constitutional violation, municipal liability must be possible where the official in charge of setting the city's policy or custom is the one who makes the allegedly unconstitutional decision. For the City of Somerset, with respect to employment matters, Mayor Girdler is that official. Kentucky law gives the mayor of a city the authority "to appoint and remove all city employees, including police officers, except as tenure and terms of employment are protected by statute." Ky. Rev. Stat. §

83A.130(9). Therefore, Mayor Girdler's decisions regarding employment matters could constitute the City of Somerset's official "policy," thereby potentially making the city liable under § 1983 for the Mayor's actions. *Monell*, 436 U.S. at 694. And if the Mayor sets employment policy for the City as a whole, he also sets employment policy for the Somerset Police Department, which, Estep alleges, "is a duly organized law enforcement organization created, organized, maintained, and supervised by the City of Somerset." R. 1 ¶ 3. Therefore, the Somerset Police Department could also be held liable under § 1983. Accordingly, based on the facts that Estep has alleged, the City and the Police Department may be held liable under *Monell* and *Pembaur* because Mayor Girdler's actions effectively constituted the official policy of those government entities.

## II.   Count B - "Violation of Substantive Due Process in Violation of 42 U.S.C. § 1983 and the Constitution of the United States and the Commonwealth of Kentucky"

In Count B, Estep alleges that the defendants' actions violated his right to substantive due process. He alleges that the "Defendants' violations of the aforementioned Constitutional rights of the Plaintiff . . . violates due process when it infringes on a fundamental interest, such as the constitutionally protected rights of free speech, association, and can be characterized as arbitrary or conscience shocking in the constitutional sense as prohibited by Section 2 of the Kentucky Constitution." R. 1 ¶ 49. He further alleges that "the Defendants' actions in restraining the Plaintiff's Freedom of Speech and the subsequent retaliation . . . requires substantive due process protection because the violation of these City Ordinances and Kentucky Revised Statutes, as well as the Plaintiff's Constitutional Rights . . . is arbitrary and conscience shocking as prohibited by

Section 2 of the Kentucky Constitution." *Id.* ¶ 51. There is a lot to unpack in these legal allegations. It appears that Estep is asserting claims under both the Fourteenth Amendment's guarantee of substantive due process and Section 2 of the Kentucky Constitution.

The defendants attack Estep's substantive due process claims on two grounds. The defendants argue that (1) Estep's claims do not state a violation of substantive due process, and (2) Estep's claims are conclusory and thus fail under *Twombly* and *Iqbal*. Because the defendants are correct on the first ground, the Court need not reach the second.

Quite simply, Estep has failed to plead a substantive due process claim. Construing Estep's complaint liberally in his favor, there are three possible bases that he could be asserting for his substantive due process claim. All of them fail. First, he could be asserting that the failure to promote him violated his right to substantive due process. This claim fails. The Sixth Circuit has held that substantive due process protects neither the right to a promotion, *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990), nor even the more general right to tenured employment, *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350-51 (6th Cir. 1992).

Second, Estep could be asserting that the defendants' retaliation against him for exercising his right to freedom of speech violated substantive due process. This claim also fails because it is duplicative of his First Amendment claim. *See Brandenburg*, 253 F.3d at 900 (holding that "[a]ny claim for a violation of Brandenburg's substantive due process right to free speech is duplicative of her First Amendment retaliation claim."). As the Supreme Court has directed, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized

notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994).

Of course, to be perfectly accurate, Estep's First Amendment claim is, in reality, itself a due process claim. The First Amendment does not apply to the states of its own force. Rather, it only applies to the states through the Due Process Clause of the Fourteenth Amendment. *See Everson v. Bd. of Educ.*, 330 U.S. 1, 13-14 (1947). But this is not enough to allow Estep to maintain two separate causes of action based on the defendants' alleged violation of his right to free speech and expression. *See Albright*, 510 U.S. at 273. Therefore, for the sake of clarity, Estep may keep his First Amendment claim in Count A, and his substantive due process claim for violation of the same right will be dismissed as duplicative. *Id.*

Third, and finally, Estep could be asserting that the defendants' failure to afford him a hearing before the city council after he received the reprimands and administrative warnings violated substantive due process. But that claim would stretch the concept of substantive due process—which already strains credulity in its present state, *see* JOHN HART ELY, DEMOCRACY AND DISTRUST, at 18 (1980) (noting that "'substantive due process' is a contradiction in terms—sort of like 'green pastel redness'")—to a meaningless level of absurdity. It makes no sense to claim that the defendants' failure to provide Estep with *procedures* somehow violates *substantive* due process. Therefore, Estep's claim regarding the defendants' failure to afford him required procedures is best left as a claim under procedural due process. *See Albright*, 510 U.S. at 273. For these reasons, Estep has not stated a claim under substantive due process, and the Court will grant the defendants' motion to dismiss these claims.

## III.    Count C - "Violation of Procedural Due Process Pursuant to 42 U.S.C. § 1983 and the Constitutions of the United States and the Commonwealth of Kentucky"

Estep's third count alleges that the defendants violated his right to procedural due process. Estep's complaint is not a model of clarity with respect to this count, but construing it liberally in his favor, the complaint can be read to allege two different possible procedural due process violations: (1) denying him the promotion to sergeant without a hearing violated due process, and (2) denying him a hearing before the city council to contest the reprimands he received violated due process.  The defendants assail both possible due process claims.

First, Estep has successfully stated a claim that the defendants denied him procedural due process by failing to promote him without a hearing.  The Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  Because the denial of a promotion implicates neither Estep's life nor his liberty, *see Lawson v. Sheriff of Tippecanoe County, Ind.*, 725 F.2d 1136, 1139 (7th Cir. 1984), Estep must plead sufficient facts to make it "plausible" that he has a property interest in the promotion. *Iqbal*, 129 S.Ct. at 1949.  Estep has successfully done so.  To establish a property interest, Estep must show that "existing rules or understandings that stem from an independent source such as state law" clearly entitled him to the promotion.  *Bd. of Regents v. Roth*, 408 U.S. 564, 576-77 (1972).  This entitlement can come from either positive law, such as a city ordinance, or more informal "rules and understandings" that are "promulgated and fostered by state officials." *Perry v. Sindermann*, 408 U.S. 593, 601-03 (1972).  Estep has alleged that he received the second highest overall score in the application process, R. 1 ¶ 19, that he was "due to be promoted" to

the sergeant position, *id.* ¶ 22, and that Major Nelson had attempted to promote him but was rebuffed by Mayor Girdler, *id.* ¶ 25. Based on these factual allegations, the Court can "draw the reasonable inference," *Iqbal*, 129 S.Ct. at 1949, that the police department fostered an understanding that the two officers who scored the highest on the exam were entitled to receive the promotion. In that case, Estep could have a property interest in the promotion, and denying him the promotion without, at a minimum, "notice and opportunity for hearing" would be a due process violation. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).

But wait, say the defendants. A Kentucky statute gives the Mayor the authority "to appoint and remove all city employees, including police officers, except as tenure and terms of employment are protected by statute, ordinance or contract, and except for employees of the council." Ky. Rev. Stat. § 83A.130(9). According to the defendants, because Estep has not identified any "statute, ordinance or contract" that would bind the Mayor to promote him, he has not established a property interest. The defendants' argument on this point is not a sufficient basis for granting their motion to dismiss. First, § 83A.130(9), by its terms, only applies to appointments and removals. It does not apply to promotions. And at any rate, it does not foreclose the possibility that Estep could establish a de facto guarantee of promotion under *Perry v. Sindermann*. Of course, as the case moves forward, it will be Estep's obligation to produce evidence establishing his entitlement to the promotion. And, as this Court has warned in the past, establishing a "de facto entitlement" to employment or a promotion under *Perry v. Sindermann* is "a lofty evidentiary burden." *Francis v. Marshall*, No. 07-240, 2010 WL 4053572, at *5 (E.D.

Ky. Oct. 14, 2010). But at this stage of the proceedings, Estep has pled sufficient facts to survive the defendants' motion to dismiss this version of Estep's procedural due process claim.

The second possible iteration of Estep's due process claim is that the city denied him due process when it refused his request for a hearing before the city council to contest the oral and written reprimands and the administrative warning that he received. Here again, the threshold question is whether Estep has alleged a deprivation of life, liberty, or property. Clearly, life is not a possibility. But both liberty and property are. In order to deprive Estep of his liberty interest, the reprimands must have foreclosed Estep "from taking advantage of other employment opportunities." *Baar v. Jefferson County Bd. of Educ.*, 311 F. App'x 817, 826 (6th Cir. 2009) (quoting *Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404, 410 (6th Cir. 1997)). Estep has alleged just that. He alleged that the reprimands removed him from the promotion process. R. 1 ¶ 27. And, by the same token, Estep has also plausibly alleged that the reprimands deprived him of a property interest. As discussed above, Estep alleged sufficient facts for the Court to determine that he had a property interest in the promotion. If the reprimands deprived Estep of the promotion, and he had a property interest in that promotion, then he would be entitled to due process of law before the deprivation occurs. *See Mullane*, 339 U.S. at 313. Accordingly, Estep has successfully alleged a due process violation with respect to the denial of a hearing before the city council.

In opposition to this claim, the defendants argue that Estep was not, in fact, entitled to a hearing before the city council under the Kentucky statutes to which he cites. In his complaint, Estep alleges that Ky. Rev. Stat. §§ 15.520 and 95.450 entitled him to a hearing before the city

13

council after receiving the reprimands. R. 1 ¶ 29. The defendants strenuously resist this notion—arguing that, as the Kentucky Court of Appeals interpreted § 95.450 in *Hockensmith v. City of Frankfort*, 723 S.W.2d 855 (Ky Ct. App. 1986), the reprimands were not the kind of discipline that triggered the requirement of a hearing before the city council. R. 3, Attach. 2 at 12. And the defendants also argue that § 15.520 only sets forth the procedures that a hearing must follow, but does not itself specify when a hearing must take place.

Unfortunately for the defendants, they are barking up the wrong tree with this argument. Whether or not Kentucky statutes entitle Estep to a hearing before the city council is simply irrelevant to the question of what due process requires. "Once it is determined that the Due Process Clause applies, the question remains what process is due. The answer to that question is not to be found in [state] statute[s]." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). In *Loudermill*, the Supreme Court made plain that "[t]he categories of substance and procedure are distinct." *Id.* Under the Due Process Clause, "certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to *constitutionally adequate* procedures." *Id.* (emphasis added). Whether or not the cited Kentucky statutes required a hearing before the city council is simply irrelevant to determining whether the Due Process Clause of the United States Constitution requires a hearing before the city council. After all, if due process rights were defined entirely by compliance with state statutes, an individual could be deprived of his liberty based on the flip of a coin, if that was the procedure that the statute established. For this reason, the question of what process is due under the constitution is different from the question of what process is due under a state statute. Here, the defendants have devoted

14

all of their argumentative effort to the latter question instead of the former. And they have been chasing a red herring. Estep's constitutional claim must be that due process required a hearing before the city council. That may or may not ultimately be correct. But the defendants have not argued that due process does not require a hearing before the city council or that Estep had already received constitutionally adequate procedures, and the Court cannot make the defendants' argument for them. Accordingly, the defendants' motion to dismiss on this ground will be denied.

The defendants also argue that Estep's procedural due process claims against Mayor Girdler and Major Nelson should be dismissed because those two officials are entitled to qualified immunity.[2] In order to survive a motion to dismiss on qualified immunity grounds, Estep must "plead facts, which, taken in a light most favorable to him, show a violation of a clearly established right." *Carver v. City of Cincinnati*, 474 F.3d 283, 287 (6th Cir. 2007). The defendants argue that Mayor Girdler and Major Nelson are entitled to qualified immunity because Estep "cannot prove a clearly established right to a hearing before the Somerset City Council." R. 3, Attach. 2 at 17. But, here again, the defendants have made the wrong argument. In their brief, the defendants only argue that Estep did not have a clearly established right to a hearing before the city council under *Kentucky law. Id.* (citing *Hockensmith*, 723 S.W.2d at 856-57). As previously explained, that simply does not matter for purposes of qualified immunity under § 1983. The argument that the defendants should have made is that Estep's right to a hearing

_____

[2] The defendants make the qualified immunity argument only with respect to Estep's procedural due process claim in Count C. They do not argue that qualified immunity bars any of the other claims in Estep's complaint.

before the city council was not clearly established as a matter of *federal constitutional law*. But the defendants did not make this argument, and the Court cannot develop it for them. Accordingly, the defendants' motion to dismiss the claims against Mayor Girdler and Major Nelson based on qualified immunity is denied.

## IV. Other Arguments

The defendants make two other arguments that the Court must address. First, the defendants argue that the Court should dismiss Estep's official-capacity claims against Mayor Girdler and Major Nelson because an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." R. 3, Attach. 2 at 15 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). The defendants are correct. The claim against Mayor Girdler in his official capacity is the same as the claim against the City of Somerset, and the claim against Major Nelson in his official capacity is the same as the claim against the Somerset Police Department. *See Graham*, 473 U.S. at 166; *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) ("In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent."). Because Estep has also named the government entities as defendants, it would be redundant to allow the lawsuit to continue against Mayor Girdler and Major Nelson in their official capacities. *See Petruso v. Schlaefer*, 474 F. Supp. 2d 430, 441 (E.D.N.Y. 2007). Indeed, Estep appears not to contest dismissing the official capacity claims, as he did not raise any argument against it in his response brief. R. 4. Therefore, Estep's official capacity claims will be dismissed as superfluous.

The defendants also argue that the Somerset Police Department is not a proper party to this case. They argue that the police department "is nothing more than a listing of some of the persons employed by the City of Somerset," and therefore "does not enjoy any separate corporate or legal existence." R. 3, Attach. 2 at 18. That may ultimately turn out to be the case. But, at this stage of the proceedings, the Court is bound to accept as true only what Estep has set forth in his complaint and to construe the complaint liberally in Estep's favor. Estep has alleged that the Somerset Police Department "is a duly organized law enforcement organization created, organized, maintained, and supervised by the City of Somerset." R. 1 ¶ 3. It is not apparent from Estep's complaint that the police department is not an independent entity and therefore is not a proper party to this lawsuit.

Further, none of the legal authority that the defendants cite mandate dismissal of the Somerset Police Department at this stage of the litigation. First, the defendants argue that Ky. Rev. Stat. § 95.010(e) mandates dismissal. That section defines "police department" as "the officers, policemen, and clerical or maintenance employees, including the chief of police." But the defendants' argument that § 95.010(e) somehow establishes that the Somerset Police Department is not an independent entity is unconvincing. That section does not define the legal relationship of police departments to cities; it simply defines the term "police department" as used in other sections of the Kentucky Code.

Neither do the three cases that the defendants cite in their brief clearly require dismissing the Somerset Police Department at this stage. R. 3, Attach. 2 at 18. First, the defendants cite to *Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994), in which the Sixth Circuit held—with no

17

elaboration—that the police department in Jefferson County, Kentucky, was "not an entity which may be sued." *Id.* at 1049. But it is not at all clear that *Matthews* dictates the same result for *all* police departments in Kentucky, and the defendants have not cited any authority establishing that all Kentucky police departments have the same structure. Indeed, *Matthews* involved a county police department, whereas this case involves a city police department. Next, the defendants cite to *Rhodes v. McDannel*, 945 F.2d 117 (6th Cir. 1991), in which the Sixth Circuit held that a "Sheriff's Department is not a legal entity subject so suit." *Id.* at 120. But that case involved a sheriff's department in Michigan, not Kentucky, and the Court has no way of determining whether the two states structure their police departments in the same manner. And, finally, the defendants cite to *Higgenbottom v. McManus*, 840 F. Supp. 454 (W.D. Ky. 1994). Although the district court in that case dismissed the claims against the Paducah Police Department, it did so because the plaintiff in that case had simply failed to respond to the defendant's argument that the department was not an independent entity subject to suit. *Id.* at 456. The court engaged in no substantive legal analysis on the question. *Id.* Thus, neither *Matthews*, *Rhodes*, nor *Higgenbottom* establish that the City of Somerset Police Department is not an independent entity and therefore is not subject to suit. Accordingly, the defendants' motion to dismiss the Somerset Police Department as a defendant will be denied.

## V.    Claims Under Kentucky Law

In each count, Estep also alleges that the defendants violated his rights under the Kentucky Constitution. The defendants have not raised any arguments in favor of dismissing Estep's state law claims. Therefore, all of these claims remain.

## CONCLUSION

After considering and ruling on all of the arguments in the defendants' motion to dismiss, this is the current state of Estep's complaint: All of Count A remains; In Count B, the substantive due process claim under the U.S. Constitution is dismissed but the claim under the Kentucky Constitution remains; and all of Count C remains. Further, the claims against Mayor Girdler and Major Nelson in their official capacities are dismissed. All of the other defendants remain. Accordingly, it is **ORDERED** that the defendants' motion to dismiss, R. 3, is **GRANTED IN PART** and **DENIED IN PART**, as set forth in this Memorandum Opinion and Order.

This the 21st Day of December, 2010.

Signed By:

_Amul R. Thapar_  AT

**United States District Judge**