UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ROGER ESTEP, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-286-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CITY OF SOMERSET, KENTUCKY, et al., | ) | **& ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Although the proverbial legal apple usually allows only one bite, sometimes a second bite is appropriate. The defendants here want that second bite at the apple. The Court previously denied their motion to dismiss the plaintiff, Roger Estep's, procedural due process claims. R. 6. Now, after answering, R. 7, the defendants have filed a motion for judgment on the pleadings raising new arguments in favor of dismissing those claims. R. 10. Because the defendants' motion is procedurally proper and cites to legal authority clearly establishing that Estep's procedural due process claims should be dismissed, the motion is granted.

### BACKGROUND

The Court's prior Memorandum Opinion and Order, R. 6, sets forth the full factual background of this case. A brief refresher will do here. Estep is a patrol officer with the Somerset Police Department. Two sergeant positions opened up within the department during the summer of 2009. After completing the application process for those positions, Estep had the second highest overall score. But the Mayor of Somerset, Eddie Girdler, did not promote him. Estep alleges that it was because he had supported an opposition candidate during the 2006

mayoral election. Later, in March 2010, Estep received an oral reprimand for leaving a K-9 officer training session early and for refusing to utilize his K-9 when requested on patrol. R. 3, Attach. 3. Estep refused to sign an acknowledgment of this oral reprimand, so he received a formal written reprimand. R. 3, Attach. 4. He then refused to sign the written reprimand, so he received an administrative warning. R. 3, Attach. 5. Estep asked for a hearing before the city council to contest the reprimands, but that request was denied.

Estep filed a complaint in this Court on October 20, 2010, claiming that the defendants violated his rights to free speech and procedural and substantive due process under the state and federal constitutions. The defendants filed a motion to dismiss, which the Court granted in part and denied in part on December 21, 2010. R. 6. The Court dismissed Estep's substantive due process claim, *id.* at 8-10, but allowed his First Amendment retaliation and his procedural due process claims to survive. *Id.* at 3-8, 11-16. Specifically, the Court determined that Estep had plausibly alleged that the defendants violated his procedural due process rights in two different ways—by "(1) denying him the promotion to sergeant without a hearing," and "(2) denying him a hearing before the city council to contest the reprimands." The defendants answered, R. 7, and subsequently filed the present motion, R. 10.

## ANALYSIS

In their motion for partial judgment on the pleadings, the defendants advance several arguments in favor of dismissing Estep's procedural due process claims. Estep objects to the

2

propriety of the motion. He views it as an attempt to re-litigate issues that the Court already decided in its ruling on the defendants' motion to dismiss.

    A.    **The Defendants' Motion is Proper**

A motion for judgment on the pleadings is not an opportunity to re-litigate issues raised and decided in a motion to dismiss. Although the Federal Rules allow a defendant to assert the defense of failure to state a claim in a Rule 12(c) motion for judgment on the pleadings even if he previously raised it in a Rule 12(b)(6) motion to dismiss, *see* Fed. R. Civ. P. 12(h)(2)(B); *Dorchester Investors v. Peak Trends Trust*, No. 99-Civ.-4696, 2002 WL 272404, at *3 (S.D.N.Y. Feb. 26, 2002), courts should only grant such motions in limited circumstances. If the defendant's 12(c) motion simply reiterates the same arguments that he made in his 12(b)(6) motion, the court should deny it out of hand. If the defendant raises new arguments in his 12(c) motion that he could (and should) have raised in his 12(b)(6) motion, the court should usually deny the 12(c) motion, lest its first opinion be rendered merely advisory. Nevertheless, there are some unique situations where allowing the defendant a second opportunity to raise arguments in favor of dismissing a claim is appropriate. Where (1) the court's decision denying the motion to dismiss raises new or unexpected issues, (2) the defendant produces legal authority and/or evidence in response to the court's decision, (3) the plaintiff's claim must fail as a matter of law and cannot be saved with any amount of discovery, and (4) dismissing the claim will save the parties' and the court's resources, ruling on the defendant's 12(c) motion may be appropriate.

The defendants' present motion for judgment on the pleadings falls into that small category for which adjudication is not only permissible, but also desirable. First, the Court's prior decision denying the defendants' motion to dismiss raised some new issues, including the

possibility that Estep could have an implied property interest in the promotion to sergeant under *Perry v. Sindermann*, 408 U.S. 593 (1972). Second, the legal authority in the defendants' motion clearly establishes that the Court's analysis was incomplete and that Estep cannot have an implied property interest. The defendants have also produced the City of Somerset's Employee Handbook—a document central to Estep's claim and referenced in his complaint that Estep did not himself produce—which further demonstrates that Estep did not have a property interest in the promotion. Third, the defendants' motion establishes that the claim fails as a matter of law, even assuming all of the factual allegations in his complaint are true. *See Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Therefore, no amount of discovery can save the claim. And, finally, dismissing the due process claim now will promote judicial economy and save the parties' resources. Allowing discovery to progress on the due process claim only to dismiss it at the summary judgment stage would be wasteful. Accordingly, the arguments that the defendants advance in their present motion are properly before the Court.

      **B.**     **Procedural Due Process Claims**

As the Court previously explained, Estep plausibly alleged that the defendants violated his procedural due process rights in two different ways: (1) by "denying him the promotion to sergeant without a hearing," and (2) by "denying him a hearing before the city council to contest the reprimands he received." R. 6 at 11. In their present motion, the defendants successfully assail both of these claims.

**(1)     Denial of Promotion**

The Court previously declined to dismiss Estep's claim that denying him the promotion to sergeant without a hearing violated due process because his complaint alleged a plausible property interest in the promotion—a necessary antecedent to a due process claim. R. 6 at 11-13. As the Court explained, "property" for due process purposes must "stem from an independent source such as state law." *Id*. (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 576-77 (1972)). State law can create property interests either explicitly, through contracts, ordinances, or official policies, or implicitly, through informal "rules and understandings" that are "promulgated and fostered by state officials." *Perry v. Sindermann*, 408 U.S. 593, 602 (1972). Estep's complaint alleged property interests of both types. He alleged that the "City of Somerset adopted certain regulations, policies, procedures, and ordinances setting forth eligibility requirements for promotions," R. 1 ¶ 6, and that the defendants' violation of these ordinances and policies violated his right to procedural due process, *id.* ¶ 55. Estep also plausibly alleged a de facto entitlement to the promotion under *Perry v. Sindermann*. He alleged that he had received the second highest score in the application process, R. 1 ¶ 19, that he was "due to be promoted," *id.* ¶ 22, and that Major Nelson had attempted to promote him but was rebuffed by Mayor Girdler, *id.* ¶ 25. From this, the Court could reasonably infer that the department had "fostered an understanding that the two officers who scored the highest on the exam were entitled to receive the promotion." R. 6 at 12.

As the defendants demonstrate in their present motion, Estep's claim of a property interest in the promotion—either implicit or explicit—must fail. First, the defendants have shown that neither the city's official ordinances nor its employment policies entitled Estep to the

5

promotion. The defendants have attached to their motion the City of Somerset's Employee Handbook, R. 10 Attach. 2-6, and the city ordinance adopting the handbook as the city's official "personnel policies, rules, and regulations." R. 10, Attach. 7. The handbook makes plain that the Mayor has complete and sole discretion to make promotion decisions. R. 10, Attach. 2 at 2 ("[T]he Mayor has the sole authority to . . . make promotions of all employees . . . [and] shall have the final approval of any and all raises and/or promotions in regards to the employees of the City."). Estep "can have no legitimate claim of entitlement to a discretionary decision." *Richardson v. Twp. of Brady*, 218 F.3d 508, 517 (6th Cir. 2000); *see Golden v. Town of Collierville*, 167 F. App'x 474, 477-78 (6th Cir. 2006) (plaintiff firefighter had no property interest in promotion where fire chief had unrestrained discretion to make or rescind promotions).

Estep does not contest the substance of the Employee Handbook, he merely contests the propriety of the Court relying on it at this stage of the litigation. His objections lack merit. First, because the City of Somerset has incorporated the handbook into a city ordinance, R. 10, Attach. 7, it is part of the law governing the city's employment policies. Courts can always consider the law when evaluating a motion for judgment on the pleadings. But even if the handbook is only extrinsic evidence, it is still proper for the Court to consider it now. Although courts generally treat motions that rely on evidence outside of the pleadings as motions for summary judgment, Fed. R. Civ. P. 12(d), there is an exception for documents that "are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). A court may consider these documents without converting the defendants' motion into a motion for summary judgment. *See Weiner v. Klais & Co.*, 108 F.3d

6

86, 88-89 (6th Cir. 1997) (considering ERISA plan attached to defendant's motion to dismiss because the complaint referred to the plan and the plan was critical to plaintiff's claims). Here, Estep's complaint clearly refers to the City of Somerset's official employment policies, R. 1 ¶ 6, and the policies are central to Estep's due process claim. Estep nevertheless argues that the Court should not consider the handbook because it is "unauthenticated, unverified, and could be taken out of context." R. 11 at 5. That objection is spurious. The employee handbook is self-authenticating under Federal Rule of Evidence 902(5) as a publication "issued by a public authority." *See Conjour v. Whitehall Twp.*, 850 F. Supp. 309, 312 n.1 (E.D. Pa. 1994). Estep raises nothing beyond unsupported speculation that would justify questioning the handbook's authenticity. And there is no way that the defendants took the handbook "out of context"; they produced the handbook in its entirety—all forty-seven pages. Therefore, the handbook is properly before the Court. Because it grants the Mayor unconstrained discretion to make promotions, it precludes Estep from establishing an explicit entitlement to the promotion. *See Richardson,* 218 F.3d at 517.

The Court also previously concluded that Estep had sufficiently alleged an implicit entitlement to the promotion under *Perry v. Sindermann*. Because Estep alleged that he received the second highest score on the promotion application and that he was "due to be promoted," the Court drew the inference "that the police department fostered an understanding that the two officers who scored the highest on the exam were entitled to receive the promotion." R. 6 at 11-12. That conclusion was error. In their present motion, the defendants have directed the Court to binding precedent from the Supreme Court and the Sixth Circuit that precludes finding a *Perry v. Sindermann* property interest in Estep's case. In *Bishop v. Wood*, 426 U.S. 341 (1976), the

7

Supreme Court clarified that a *Perry v. Sindermann* implied property interest can only exist if it is recognized by state law. *Id.* at 344. In other words, although a property interest can be "implicit," it must nevertheless be "legally binding" under state law to support a due process claim. *Med Corp. v. City of Lima*, 296 F.3d 404, 411 (6th Cir. 2002). The Sixth Circuit applied this narrowed understanding of implied property rights in *Woolsey v. Hunt*, 932 F.2d 555 (6th Cir. 1991), holding that an employee of the University of Tennessee did not have an implied property interest in continued employment because Tennessee law did not recognize implied contract claims against the state. *Id.* at 567. *Woolsey* thus made plain that, before a court can find an implied property interest, it must "conduct [a] requisite analysis of state law." *Id.* at 568. If state law will not recognize an implied contract in the plaintiff's case, the plaintiff cannot establish a *Perry v. Sindermann* implied property interest.

Here, that requisite analysis of Kentucky law spells doom for Estep's due process claim. Just as Tennessee law did not recognize implied contracts against the state in *Woolsey*, neither does Kentucky law recognize implied contracts against municipalities. *See City of Greenup v. Pub. Serv. Comm'n*, 182 S.W.3d 535, 540-41 (Ky. Ct. App. 2005) ("[I]t is well established that a municipality may not enter into a contract by implication."). Ky. Rev. Stat. § 83A.130(8) requires "[a]ll . . . contracts . . . [to] be made and executed by the mayor or his agent designated by executive order." Kentucky courts have construed this provision to require that all contracts entered into by a municipality must be *written* in order to be valid. *See City of Greenup*, 182 S.W.3d at 540. Therefore, because Kentucky law would not recognize an implied agreement with the city entitling Estep to a promotion, he cannot establish an implied property interest under *Perry v. Sindermann*. *See Woolsey*, 932 F.2d at 568. With no property interest (either

8

express or implied) in a promotion, the failure to give Estep that promotion without a hearing did not violate his due process rights. *See Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 141 (6th Cir. 1997).

**(2)    Reprimands**

The Court also previously determined that Estep had plausibly alleged that the defendants denied him due process by refusing his request for a hearing before the city council to contest the reprimands that he received. Because Estep alleged that the reprimands removed him from the promotional process, R. 1 ¶ 27, he successfully alleged that they deprived him of both a property and a liberty interest—property because Estep had a plausible property interest in the promotion and liberty because the reprimands foreclosed Estep "from taking advantage of other employment opportunities." R. 6 at 13 (quoting *Baar v. Jefferson Cnty. Bd. of Educ.*, 311 F. App'x 817, 826 (6th Cir. 2009)). For the reasons explained above, we can now cross property off the list. Estep had no property interest in the promotion, so even if the reprimands removed him from consideration, they did not deprive him of a property interest.

Even assuming that the reprimands deprived Estep of a liberty interest (a conclusion the defendants do not challenge in their present motion), due process did not require granting him a hearing before the city council to contest them. The Court previously denied the defendants' motion to dismiss this version of Estep's due process claim because the defendants had addressed the wrong question. Their motion focused exclusively on whether Kentucky law required a hearing before the city council but did not address the pertinent question—whether constitutional due process required such a hearing. R. 6 at 13-15. In their present motion, the defendants make the correct argument and identify the governing case law. The Supreme Court

has long emphasized the "truism" that due process is "flexible" and requires only the procedural protections that "the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (internal citations and quotation marks omitted). The less serious the deprivation and the more consequential the governmental interest, the less "process" is "due." The Sixth Circuit has applied this "flexible" understanding to reject due process claims by public employees who faced greater deprivations than Estep with the same amount of process. In *Boals v. Gray*, 775 F.2d 686 (6th Cir. 1985), for example, the court held that a state employee whose supervisor informed him of his alleged misconduct, gave him an opportunity to respond, and then imposed a five-day suspension received adequate process. *Id.* at 690-91. The Sixth Circuit reached the same result in *Gillard v. Norris*, 857 F.2d 1095, 1097-1100 (6th Cir. 1988), for an employee who received a three-day suspension. Here, Estep received a significantly less severe sanction than the plaintiffs in *Boals* and *Gillard* (he was not suspended at all), he was informed of the complaints against him, and he had an opportunity to respond. R. 3, Attach. 3-5. This opportunity was not merely pro forma—the department investigator actually dismissed one of the charges after hearing Estep's side of the story. R. 3, Attach. 3 at 2. Therefore, under Sixth Circuit precedent, Estep received adequate process. He had no due process right to a hearing before the city council.

Estep resists this conclusion by arguing that Kentucky law provides Estep with the right to a hearing before the city council. R. 11 at 7. That may or may not be true, but for reasons the Court has already explained, R. 6 at 14-15, it is irrelevant to Estep's due process claim. As a matter of federal constitutional law, the Due Process Clause did not require the defendants to provide Estep with a hearing before the city council. *See Boals*, 775 F.2d at 690 ("Regardless

10

of what procedure is due [under state law,] the procedure by which [the plaintiff] was suspended was [not] constitutionally defective."). Accordingly, Estep has no viable due process claim based on the defendants' decision not to provide him such a hearing.

      **C.**      **Due Process Claims under the Kentucky Constitution**

Estep also included substantive and procedural due process claims under the Kentucky Constitution. R. 1, Counts B & C. Kentucky courts generally interpret the state constitution's due process guarantee in a way that mirrors the Due Process Clause of the federal constitution. *See Sheffield v. City of Fort Thomas, Ky.*, 620 F.3d 596, 612-13 (6th Cir. 2010); *Francis v. Marshall*, No. 07-250-ART, 2010 WL 4053572, at *3 (E.D. Ky. Oct. 14, 2010). Estep has not argued, or cited to any authority establishing, that his state constitutional claims should survive even if his federal constitutional claims fail. Accordingly, the Court will also dismiss Estep's due process claims under the Kentucky Constitution.

## CONCLUSION

Accordingly, the Court will grant the defendants' motion for judgment on the pleadings and dismiss Estep's due process claims. His First Amendment retaliation claim, however, remains. It is **ORDERED** as follows:

(1) The defendants' motion for partial judgment on the pleadings, R. 10, is **GRANTED**.

(2) All of Estep's claims (under both the United States and Kentucky Constitutions) in Count B (substantive due process) and Count C (procedural due process) are **DISMISSED**. Estep's claims in Count A (First Amendment retaliation) remain.

This the 8th day of March, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge