UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ROGER ESTEP, | ) |
| | ) |
|     Plaintiff, | )    Civil Action No. 10-286-ART |
| | ) |
| v. | ) |
| | )    **MEMORANDUM OPINION AND** |
| CITY OF SOMERSET, KENTUCKY, | )    **ORDER** |
| et al., | ) |
| | ) |
|     Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

"Better late than never" is a reliable, if shopworn, adage. But the trouble with such maxims is that another one often states precisely the opposite principle. Here, it is "too little, too late" that better summarizes Plaintiff's motion to extend the discovery deadlines. R. 26.

The Court issued the Scheduling Order on February 11, 2011, more than six months ago. R. 14. At that time, the parties selected a discovery deadline of August 31, 2011. R. 12. The parties also chose September 30, 2011, as the dispositive motion deadline, and based on this representation the Court scheduled the trial for January 23, 2012. R. 14.

At a June 2, 2011, telephone conference—halfway through the discovery period—the parties reported that "they do not foresee needing to extend the discovery deadlines established in the Scheduling Order." R. 21. Between February and August, the Plaintiff took two depositions and gave no indications that the agreed-upon time for discovery would be insufficient. But on August 18, the Plaintiff decided that he wished to depose an additional seven witnesses. With time running short, Plaintiff moved for a 60-day extension of the discovery deadline, R. 26. Plaintiff's grounds for this extension were that he

"suspect[ed]" their depositions "may create a need for the Defendants to depose some additional witnesses." *Id.* Plaintiff also asserted that the "massive amount of documentation provided in this case" requires additional time for discovery. *Id.* The Defendants objected to the motion, citing Plaintiff's failure to give adequate reasons for an extension and the additional costs the Defendants would incur if the pretrial schedule is delayed by two months. R. 27. Immediately after Defendants objected, the Plaintiff noticed the deposition of all seven witnesses for the three days before the discovery deadline. R. 29–35.

A pretrial schedule may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Scheduling Order in this case also stipulated that any requests to modify deadlines should be accompanied by a "showing of good cause beyond the control of counsel in the exercise of due diligence." R. 14. A motion that delays the deadline for dispositive motions must also be accompanied by a supporting memorandum and affidavit of counsel "outlining sufficient grounds for granting the relief sought." *Id.* Five factors govern a court's consideration of whether to grant additional time for discovery: (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). The overarching inquiry of these factors is "whether the moving party was diligent in pursuing discovery." *Dowling*, 593 F.3d at 478. *See also Commerce Benefits Group v. McKeeson Corp.*, 326 Fed. Appx. 369, 377 (6th Cir. 2009) ("The primary measure of Rule 16's 'good

cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.").

The Plaintiff has failed to demonstrate good cause. First, the Plaintiff was aware of and identified six of the seven individuals that he now seeks to depose on February 17, 2011, when he disclosed their identity to the Defendants in his Rule 26(a) disclosure. R. 27-4. The Plaintiff could have deposed these individuals at any time, but did not. He does not explain why. Six months is more than adequate time to conduct six depositions. *Cf. Plott v. General Motors Corp.*, 71 F.3d 1190, 1197 (6th Cir. 1995) (finding a plaintiff was dilatory when he learned of a pertinent issue three weeks before the close of discovery, but failed to take any action).

The Plaintiff did not identify the seventh individual, Brad Hewitt, in his initial disclosure, but he has not explained why he needs more time to depose Hewitt. *See Speck v. City of Memphis*, Civil No. 07-2019, 2008 WL 4186184, at *2 (W.D. Tenn. Sept. 5, 2008) ("In deciding whether to allow a party to take additional depositions, the court should consider whether the party has made a particularized showing of why the discovery is necessary.") (citation omitted). Contrary to this case's Scheduling Order, Plaintiff has offered no explanations—let alone shown a good cause "beyond control of counsel"—for why he could not have taken the deposition of Hewitt over the past six months. Plaintiff has also failed to submit either a memorandum or an affidavit of counsel explaining the grounds for the extension he requests.

The Plaintiff's pursuit of discovery has also been less than diligent. In the six months since the parties agreed upon the discovery schedule, the Plaintiffs have taken just two depositions. R. 17 and R. 18. If Plaintiff did not believe six months' time would be adequate

3

for discovery, he could have raised the issue in early June during the telephone status conference or set the schedule differently at the outset. Instead, Plaintiff's counsel stated that he did not foresee requiring additional time. R. 21. Plaintiff has also not offered evidence the Defendants failed to respond to discovery requests. If anything, counsel for the Defendants attempted to encourage Plaintiff to take depositions in advance of the discovery deadline. In late July, counsel for the Defendants sent Plaintiff's counsel a letter reminding him of the upcoming deadline and urging him to schedule any necessary depositions. *See* R. 27-5. Plaintiff does not appear to have responded to this letter.

Finally, granting an extension of the discovery deadline at this point would risk prejudicing the Defendants. In addition to Rule 16's good cause standard, determination of "potential prejudice to the nonmovant is also required when a district court decides whether or not to amend a scheduling order." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Extending discovery by sixty days would force the Defendants to expend additional time and resources preparing for litigation and has the potential to delay the start of trial. Absent any showing by the Plaintiff of good cause for an extension, there is no reason to prejudice the Defendants with unnecessary delays.

Plaintiff's decision to wait until the eleventh hour to begin discovery in earnest is simply not good cause. Nor would anyone call it diligence. In the end, the Court's deadlines and admonitions must mean something. Otherwise, certainty in litigation will be lost, and, just as importantly, courts' ability to manage their dockets will be for naught. *See, e.g.*, *Morris v. Slappy*, 461 U.S. 1, 11 (1983) ("[B]road discretion must be granted to trial courts on matters of continuances"); *United States v. Walden*, 625 F.3d 961, 966 (6th Cir. 2010) ("[D]istrict courts are busy and need the freedom to manage their dockets and schedules.").

It is therefore **ORDERED** that the Plaintiff's motion to extend the time for discovery, R. 26, is **DENIED**. In accordance with the Court's initial Scheduling Order, R. 14, the parties shall complete all discovery by **August 31, 2011** and the parties shall file dispositive motions no later than **September 30, 2011**.

This the 24th day of August, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge